IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01398-PAB-SKC

DALKITA, INC., d/b/a Dalkita Construction,

    Plaintiff/Counterclaim Defendant,

v.

DEVIN MILLS CONSULTING, LLC, and
DEVIN MILLS,

    Defendants/Counterclaim Plaintiffs,

v.

COLLEEN MOORE,

    Counterclaim Defendant.

---

# ORDER

---

This matter comes before the Court on Dalkita's Motion to Dismiss Claims 1 and 4 [Docket No. 20] and Colleen Moore's Motion to Dismiss Claims 1 and 4 [Docket No. 38]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## I. BACKGROUND[1]

This case involves a dispute over the ownership of a podcast. Docket No. 10 at 14-17, ¶¶ 146-59. In March 2017, Devin Mills developed the idea for the Distilling Craft Podcast ("the podcast"). *Id.* at 12-13, ¶¶ 135, 140. He hired a graphic designer to design the logo for the Distilling Craft trademark and purchased the DistillingCraft.com

---

[1]The following facts are taken from defendants' counterclaims, Docket No. 10 at 11-22, and are presumed to be true for purposes of Dalkita's motion to dismiss.

domain name.  *Id.* at 13, ¶ 140.  During this period, Mills was employed part-time as a distillery engineer for Dalkita Construction, Inc. ("Dalkita").  *Id.* at 12, ¶ 138.  His employment did not include the creation of podcasts or other intellectual property for Dalkita.  *Id.* at 12-13, ¶ 138.

On April 1, 2017, Mills informed Colleen Moore ("Moore"), the principal of Dalkita, and her husband, Scott Moore, of the podcast.  *Id.* at 12-13, ¶¶ 131, 141.  Moore suggested that "Dalkita sponsor the Podcast in exchange for advertising space on Mills' show."  *Id.* at 13, ¶ 142.  Specifically, "Moore . . . falsely represented to Mills that Dalkita would pay some of the expenses to create the Podcast as a sponsor in exchange for advertising space and increased exposure from the Podcast, and that was the only consideration that Dalkita requested or that Mills agreed to provide."  *Id.* at 17, ¶ 163; *see also id.* at 13, ¶ 143.  In reality, Moore and Dalkita "wanted to try to unlawfully steal intellectual property rights in the Podcast from Mills and claim it as their own for use by Dalkita."  *Id.* at 18, ¶ 164.  Moore "made the false representations to induce Mills to allow them access to his intellectual property including, but not limited to, his Podcast ideas and content, and to locate the Podcast and content on Dalkita's website and computers."  *Id.*, ¶ 165.  As a result of Moore's representations, Moore and Dalkita "gained access and control over at least twenty . . . Podcast episodes as well as Mills' concept and intellectual property."  *Id.*, ¶ 169.

Dalkita filed this lawsuit on June 6, 2018 asserting the following claims against Mills and Distilling Craft LLC ("Distilling Craft"): (1) trademark infringement and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2)

2

cybersquatting under § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (3) deceptive trade practices under the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.*; (4) trademark infringement under Colorado common law; (5) unfair competition under Colorado law; (6) intentional interference with contractual relations under Colorado law; and (7) misappropriation of trade secrets under the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-102 *et seq*. Docket No. 1. In their answer to the complaint, filed on August 6, 2018, Mills and Distilling Craft ("counterclaimants") asserted four counterclaims against Dalkita and Moore: (1) fraud; (2) trademark infringement; (2) misappropriation of trade values and unfair competition; and (4) injunctive relief. Docket No. 10 at 11-21.[2] Dalkita and Moore filed separate motions to dismiss counterclaims one and four for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Docket Nos. 20, 38.[3] Counterclaimants filed responses to both motions, Docket Nos. 29, 39, to which neither Dalkita nor Moore replied.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[2]Devin Mills Consulting, LLC has since been substituted as a defendant and third-party plaintiff in place of Distilling Craft LLC. *See* Docket No. 46.

[3]Moore's motion to dismiss raises arguments nearly identical to those asserted by Dalkita. *See generally* Docket No. 38. Counterclaimants' response to Moore's motion incorporates the arguments and authorities asserted in response to Dalkita's motion. *See* Docket No. 39 at 2.

3

(2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted ).

## III. ANALYSIS

### A. Fraud Claim

Counterclaimants allege that Moore committed fraud by "falsely represent[ing] to Mills that Dalkita would pay some of the expenses to create the Podcast as a sponsor in exchange for advertising space and increased exposure from the Podcast, and that was the only consideration that Dalkita requested or that Mills agree to provide." Docket No. 10 at 17, ¶ 163.

To establish fraud under Colorado law,[4] a plaintiff must plead facts showing that

---

[4]The parties' assume that the fraud claim is governed by Colorado law. *See* Docket No. 20 at 2; Docket No. 29 at 3; Docket No. 38 at 2. The Court will operate

4

(1) the defendant made a false representation of a material fact; (2) the defendant knew the representation was false; (3) the plaintiff was ignorant of the falsity of the representation; (4) the representation was made with the intent that it be acted upon; and (5) the plaintiff's reliance on the false representation caused the plaintiff's harm. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). Dalkita and Moore argue that counterclaimants' allegations are insufficient to establish causation, or the fifth element of their fraud claim, because any harm to counterclaimants was caused, not by the parties' sponsorship agreement, but by Devin Mills' voluntary decision to give Dalkita access to his podcast. Docket No. 20 at 2-3; Docket No. 38 at 3-4.

Dalkita appears to read counterclaimants' allegations as establishing that the parties' only agreement was that Dalkita would "pay some of the expenses to create the Podcast" in exchange for "advertising space and increased exposure." Docket No. 20 at 3-4 (quoting Docket No. 10 at 17, ¶ 163). Because Dalkita followed through on that agreement, Dalkita argues that Mills' decision to host the podcast on Dalkita's servers was made independently from "any allegedly false statements Dalkita made." Docket No. 20 at 3; *see also* Docket No. 29 at 2-3 (construing Dalkita's argument as: "[Dalkita] upheld the terms of its agreement to sponsor Defendants' Podcast by paying for expenses, so how can Defendants be damaged?").

The Court agrees that Dalkita's argument "ignores the crux" of counterclaimants' allegations. Docket No. 29 at 3. Counterclaimants allege that Moore "falsely

---

under the same premise. *Cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

represented to Mills that all Dalkita wanted was to sponsor the Podcast" as a way to induce Mills to give Dalkita access and control over the podcast. Docket No. 10 at 17-18, ¶¶ 162, 164-65. The relevant falsity for purposes of the fraud claim was thus Moore's statement that Dalkita was only seeking a sponsorship deal when, in reality, she and Dalkita intended to "unlawfully steal intellectual property rights in the Podcast . . . and claim it as their own." Docket No. 10 at 18, ¶ 164; *see also* Docket No. 29 at 3 (stating that the "crux" of counterclaimants' allegations is that "Plaintiff fraudulently induced Defendants to enter into a sponsorship arrangement when its real motivation was to gain access and control over the Podcast"). Because counterclaimants further allege that "Mills would not have given Moore or Dalkita access to his information, content, and intellectual property if he had known their true intentions," Docket No. 10 at 18, ¶ 171, the Court finds the allegations sufficient to establish causation.

### B. Claim for Injunctive Relief

Dalkita and Moore also seek dismissal of the counterclaim for preliminary and permanent injunctive relief on the ground that "[a]n injunction is a remedy, not a cause of action." Docket No. 20 at 4; Docket No. 38 at 4.[5] The Court agrees that an injunction is a remedy rather than an independent cause of action. *See Romstad v. City of Colorado Springs*, 650 F. App'x 576, 585 n.7 (10th Cir. 2016) (unpublished) ("An injunction is not an independent cause of action; it is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed

---

[5]Moore argues in the alternative that counterclaim four should be stricken as redundant and immaterial under Fed. R. Civ. P. 12(f). However, injunctive relief is not specifically sought under the other counterclaims, *see* Docket No. 10 at 17-20, and thus counterclaim four is not redundant or immaterial.

. . . ."); *Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane, LLC*, No. 16-cv-02427-WJM-KLM, 2018 WL 1762611, at *12 (D. Colo. Apr. 12, 2018) (noting that claim for injunctive relief was really a "derivative remed[y] that depend[s] on proving a substantive cause of action"). Nevertheless, the Court will allow the claim for injunctive relief to proceed to the extent it can be linked to counterclaimants' other, substantive causes of action. *Compare Schwartz v. State Farm Mutual Auto. Ins. Co.*, 2018 WL 4148434, at *10 (D.N.M. Aug. 30, 2018) (allowing punitive damages claim "to the extent it [could] be tied to other causes of action"), *with Romstad*, 650 F. App'x at 585 n.7 (finding plaintiffs' "failure to state a claim . . . fatal to their request for injunctive relief"), *and Northglenn Gunther Toody's, LLC*, 2018 WL 1762611, at *12 (dismissing claims for specific performance and injunctive relief where all of plaintiff's substantive causes of action had failed).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Dalkita's Motion to Dismiss Claims 1 and 4 [Docket No. 20] is **DENIED**. It is further

**ORDERED** that Colleen Moore's Motion to Dismiss Claims 1 and 4 [Docket No. 38] is **DENIED**.

DATED March 18, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge